**IT IS ORDERED as set forth below:**

**Date: October 28, 2019**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 17-72321-sms |
| | ) | CHAPTER 13 |
| LINDA DIANE CANTY, | ) | |
| | ) | JUDGE SAGE M. SIGLER |
| DEBTOR. | ) | |

---

| | | |
|---|---|---|
| | ) | |
| WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB, D/B/A CHRISTINA | ) | |
| TRUST AS OWNER TRUSTEE OF THE | ) | |
| RESIDENTIAL CREDIT | ) | |
| OPPORTUNITIES TRUST V | ) | |
| MOVANT, | ) | |
| | ) | CONTESTED MATTER |
| V. | ) | |
| | ) | |
| LINDA DIANE CANTY, | ) | |
| DEBTOR, | ) | |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| MARY IDA TOWNSON, TRUSTEE, | ) | |
| RESPONDENTS. | ) | |
| _____ | ) | |

## CONSENT ORDER

This matter arose upon the motion of Wilmington Savings Fund Society, FSB, D/B/A

Christina Trust as Owner Trustee of the Residential Credit Opportunities Trust V ("Movant"),

filed August 12, 2019 (Doc. No. 28) to modify the stay of 11 U.S.C. §362 (a) to allow Movant to foreclose on Debtor's real property known as 2008 Bencal Drive Southeast, Atlanta, GA 30316 ("Property"). The motion was scheduled for hearing October 8, 2019, and notice was provided to Debtor, Debtor's attorney and Trustee.

Movant and Debtor acknowledge that (1) no equity exists in the Property, and (2) the current post-petition delinquency (5/1/19 – 9/1/19 @ 447.81/mo. = $2,239.05), less reserve balance of $394.93, and including fees and costs of pursuing the Motion in the amount of $1,031.00, is $2,875.12.

Based on the foregoing agreement, Debtor and Movant AGREE that Debtor shall make the payments set forth hereafter on or before the dates specified; accordingly, it is Debtor AGREES that (1) to cure the arrearage, Debtor will remit $900.00 directly to Movant no later than October 10, 2019 via certified funds; (2) Debtor will resume paying Movant the regular monthly mortgage payment of $447.81, due on the 1st day of each month, beginning with the payment due October 1, 2019; (3) The remaining post-petition arrearage of $1,975.12 shall be paid with eleven (11) payments of $164.59 each beginning November 15, 2019 and one (1) payment of $164.63 due October 15, 2020; (4) Debtor shall mail all payments to Movant as follows:

FCI Lender Services, Inc.<br>
P.O. Box 27370<br>
Anaheim Hills, CA 92809

It is further **ORDERED, ADJUDGED AND DECREED** that for a period of twenty-four (24) months following the entry of this Order, upon the delinquency of Debtor in any regular payment or cure payment to come due on or after October 1, 2019, Movant may be permitted to recover and dispose of the Property pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order **modifying** the automatic stay of 11 U.S.C. §362 in the following manner:

(A) Counsel for Movant shall serve both Debtor and Debtor's counsel of record with written notice of the specific facts of the delinquency (the **"Delinquency Notice"**); said notice may be contained in a letter but shall

    (1) state that Debtor may cure the delinquency within twenty (20) calendar days of receipt of said notice, and

    (2) shall specifically provide the correct street address for mailing or delivering such payment;

Pursuant to this order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided, however, that

      (a) the Delinquency Notice is properly addressed to Debtor at the address set forth on the Distribution List attached to this Order pursuant to BLR 9013-3(c) (2) NDGA, unless Movant or Counsel for Movant receives notice in writing of a change in Debtor's address within a reasonable time prior to mailing of the Delinquency Notice; and

      (b) the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

(B) If Debtor fails to cure the delinquency within twenty (20) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on both the Debtor and Debtor's counsel:

    (1) **a motion**, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion (the averments of which are subject to Rule 9011), the motion may be accompanied by an affidavit from Movant setting forth the specific facts of the delinquency;

    (2) a copy of the **Delinquency Notice**, together with

    (3) **a proposed order** (the motion, copy of the Delinquency Notice and the proposed order are herein collectively referred to as the "**Delinquency Motion**").

Upon presentation of said Delinquency Motion, the Court may enter an order **modifying** the stay as to the Property, without further hearing. If any proceeds remain from the foreclosure sale after application to Movant's lawful indebtedness, fees and foreclosure costs, Movant or its counsel shall promptly forward such excess proceeds that would otherwise be payable to the Debtor to the Trustee while the Debtor remains in bankruptcy. It is further

**ORDERED** that if the stay is modified pursuant to the terms of this order, Trustee shall cease funding Movant's claim in the instant bankruptcy case until further notice from this Court. It is further

**ORDERED** that in the event of the Debtor's failure to cure a default under this Consent Order, Movant agrees to provide the Chapter 13 Trustee with twenty (20) days' notice of the Debtor's failure to cure said default. During said twenty (20) day period the Trustee may file a motion to convert the case to a Chapter 7. If a motion to convert is not filed within the aforementioned twenty (20) day period, the Movant may be entitled to an Order from this Court lifting the automatic. It is further

**ORDERED** that the Clerk of Court shall serve this Order to the parties set forth on the distribution list attached hereto.

**[END OF DOCUMENT]**

Prepared and Presented by:
/s/ Mark A. Baker_____
Mark A. Baker (GBN 033840)
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Atlanta, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: mbaker@mtglaw.com

Consented to by:
/s/_____
Karen King
King & King Law LLC
215 Pryor Street, S.W.
Atlanta, GA 30303

No opposition by:
/s/_____
Mary Ida Townson
Chapter 13 Trustee
285 Peachtree Center Ave, NE
Atlanta, GA 30303

# DISTRIBUTION LIST

Linda Diane Canty
2008 Bencal Drive SE
Atlanta, GA 30316

Karen King
King & King Law LLC
215 Pryor Street, S.W.
Atlanta, GA 30303

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE

Mark A. Baker
3550 Engineering Drive, Suite 260
Atlanta, GA 30092